UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>        Plaintiff,<br><br>    vs.<br><br>BRENNA REGO, et al.,<br><br>        Defendants. | 1:17-cv-01273-GSA-PC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

**I.    BACKGROUND**

Michael B. Williams ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 25, 2017. (ECF No. 1.)

The Complaint is now before the court for screening. 28 U.S.C. 1915(e).

**II.    SCREENING REQUIREMENT**

The *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983

1

actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is presently detained at Coalinga State Hospital in Coalinga, California, where the events at issue in the Complaint allegedly occurred. Plaintiff names as defendants Brenna Rego (Unit 2 Supervisor) and Kenneth Underwood (Unit 2 Psych Tech) (collectively, "Defendants"). Plaintiff's allegations follow.

Plaintiff alleges that defendants Rego and Underwood retaliated against him by

interfering with Plaintiff's mail because Plaintiff had filed lawsuits against them. Plaintiff alleges that Defendants have withheld his returned-to-sender legal materials, which were originally mailed by Plaintiff as certified mail to the Innocence Project in New York City. Plaintiff further alleges that Defendants suppressed his outgoing and incoming attorney legal mail and denied him other legal correspondence sent to him by the court clerk, or the case analyst, from the United States Supreme Court as well as mail from other legal resources that facilitate legal education. Plaintiff also alleges that he was subject to "reprimands, discipline, harassment, indirect threats [and] censure, because of Plaintiff's amended complaint filed against Defendants." Compl. at 5.

Plaintiff requests monetary damages, declaratory and injunctive relief, costs of suit, attorney's fees, and appointment of counsel.

**IV.    REQUEST FOR APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings the court cannot make a determination that Plaintiff is likely to succeed on the merits. By this order, Plaintiff's Complaint shall be dismissed for failure to state a claim, with leave to amend. Thus, there shall be no complaint on record in this case for which the court has found any cognizable claims. Moreover, the court finds that Plaintiff can

adequately articulate his mail interference and retaliation claims, which are not complex. Plaintiff is advised that he is not precluded from renewing the request for appointment of counsel at a later stage of the proceedings  Therefore, Plaintiff's request for appointment of counsel shall be denied, without prejudice to renewal of the request at a later stage of the proceedings, should there be subsequent proceedings in this matter.

**V.      PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite

causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Personal Participation by Each Defendant

Plaintiff's allegations in the Complaint are vague and conclusory. Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff must demonstrate that each defendant, through his own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676-77. Plaintiff has not done so in the Complaint.

In the Complaint, Plaintiff fails to allege facts showing that each of the individual Defendants personally acted against him. Plaintiff fails to attribute any personal act to either of the Defendants. Plaintiff refers to "Defendants" throughout the Complaint and alleges that "Defendants" collectively interfered with his mail and otherwise acted against him. Plaintiff cannot state a claim against any of the Defendants unless he demonstrates in his allegations that each of them, identified by name, personally acted or failed to act, violating Plaintiff's rights. Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff shall be granted an opportunity to amend the complaint, to cure the deficiencies in the Complaint. Plaintiff shall be granted leave to file a First Amended Complaint addressing these issues. In the paragraphs that follow, the court shall set forth the legal standards for the claims it appears Plaintiff wishes to bring. Plaintiff is advised to review the legal standards before deciding which claims to bring in the First Amended Complaint.

### B. Civil Detainees

"Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose condition of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982). A civil detainee "is entitled to protections at least as great as those afforded to a civilly committed individual and at least as great as those afforded to an individual accused but not convicted of a crime." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004). Nevertheless, civilly committed persons can "be subjected to liberty restrictions 'reasonably related to legitimate government objectives and not tantamount to punishment.'" Serna v. Goodno, 567 F.3d 944, 949 (8th Cir. 2009) (quoting Youngberg, 457 U.S. at 320-21).

### C. **Fourteenth Amendment – Due Process Clause**

Civil detainees enjoy constitutional protection under the Fourteenth Amendment's Due Process Clause—not the Eighth Amendment, which analogously protects prisoners—from state facilities' imposition of restrictions and other general conditions of confinement that do not reasonably serve a legitimate, non-punitive government objective. Force v. Hunter, No. CV0502534SGL(RZ), 2009 WL 2407838, at *3 (C.D. Cal. July 29, 2009), aff'd, 401 F. App'x 175 (9th Cir. 2010); Cf. Bell v. Wolfish, 441 U.S. 520, 538–39 (1979) (discussing rights of pretrial criminal detainees); Hare v. City of Corinth, 74 F.3d 633, 644–48 (5th Cir. 1996). The same Clause also bars particular acts or omissions by facility staff that are done with deliberate indifference or cruelty. Force, 2009 WL 2407838, at *3; (citing see Hare, 74 F.3d at 645–48 (distinguishing Bell in such situations based on DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 198–200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) (indicating that, whether source of detained person's rights is Fourteenth Amendment or Eighth Amendment, the rationale for applying a governmental duty to aid confined persons was the same for both criminals and civil detainees))). The Fourteenth Amendment is more protective than the Eighth Amendment and protects a civil detainee from punishment, not only from cruel and unusual punishment. See Jones, 393 F.3d at 931.

### D. **Mail Interference -- First Amendment**

While prisoners and those involuntarily committed have a First Amendment right to send and receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995); Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests. Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005), citing Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

For a civil detainee, "any restrictions on his First Amendment rights to send and receive mail must be non-punitive." Rainwater v. McGinniss, 2012 WL 3308894 at *12, (E.D. Cal. August 13, 2012), citing Robinson v. Joya, 2010 WL 890437, at *7 (E.D. Cal. March 8, 2010); Jones, 393 F.3d at 932. "To show that restrictions are punitive, a plaintiff must show that the challenged restrictions are expressly intended to punish, the restrictions serve a non-punitive purpose but are nonetheless excessive, or that the legitimate purpose could be accomplished with less restrictive or harsh methods." Id. (citing Jones, 393 F.3d at 932); see also Bell, 441 U.S. 539.

Plaintiff does not allege sufficient facts for the court to determine that he has stated a plausible claim under the above standards. Plaintiff does not sufficiently explain why he characterizes the mail involved as "legal" mail. See O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996) (a prison need not treat all mail sent to/from government agencies and officials as legal mail); see also Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (concluding that mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail), *amended by* 135 F.3d 1318 (9th Cir. 1998). Plaintiff does not say how Defendants' actions departed from institutional mail policy and practice. He does not describe the extent or nature of harm suffered. See Allen v. Seiler, 2013 WL 357614, at *6 n.33, (N.D. Tex. January 30, 2013) (citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993) (allegation that incoming mail was opened and read, but not censored, did not state a constitutional violation)); Brewer v. Wilkinson, 3 F.3d 816, 824 (5th Cir. 1993) (noting that allegations that mail was opened and inspected outside inmate's presence [and in violation of prison regulation], without additional allegation that such practice affected the inmate's ability to

prepare or transmit a document, or allegation that the mail had been "censored," did not state a cognizable constitutional claim) (citing Thornburgh v. Abbott, 490 U.S. 401, 410, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989) and Turner, 482 U.S. at 87).

///

Just as a prisoner "does not retain rights inconsistent with proper incarceration," Overton v. Bazzetta, 539 U.S. 126, 131, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003), individuals civilly committed to a mental health facility for treatment do not retain rights inconsistent with that treatment. Inspecting the incoming and outgoing mail of SVPs for contraband material, such as pornography or weapons, is entirely appropriate. Allen v. Mayberg, 2013 WL 3992016, at *4 (E.D. Cal. August 1, 2013). Moreover, an isolated instance of mail tampering, even of legal mail, is usually insufficient to show a constitutional violation and instead, regular and unjustified interference is required. Ahlers v. Rabinowitz, 684 F.3d 53, 64 (2d Cir. 2012).

The mere fact that officials open and conduct a visual inspection of legal and non-legal mail does not alone state a claim for violation of constitutional rights. Wolff v. McDonnell, 418 U.S. 539, 576–77, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996); Keenan, 83 F.3d at 1094 (legal mail may be inspected per established institution procedures); Royse v. Superior Court, 779 F.2d 573 (9th Cir.1986) (legal mail may be inspected for contraband); Samonte v. Maglinti, 2007 WL 1963697, at *5. The court cannot determine mail processing procedures inadequate where, as here, Plaintiff fails to allege what procedures are available. Ahlers, 684 F.3d at 65.

Plaintiff's allegations that Defendants "suppressed" his mail is too conclusory to state a cognizable federal claim. Compl. at 2. Plaintiff will be given leave to amend the Complaint. In preparing the First Amended Complaint, Plaintiff must allege facts, not conclusions or suppositions, suggesting that Defendants interfered with his incoming and outgoing legal and non-legal mail without any reasonable relationship to a legitimate penological purpose and that he suffered harm as a result.

**E.     Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); and Short v. Sanzberro, 2009 WL 5110676, *5 (E.D. Cal. Dec. 18, 2009) ("Civil detainees are protected from retaliation by the First Amendment."). "Within the [detention] context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that [inmate's] protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff does not allege facts sufficient for the court to determine that he has stated a cognizable retaliation claim. Plaintiff does not explain the basis for his belief that Defendants acted in retaliation (the protected conduct must have been a "'substantial' or 'motivating' factor behind the defendant's conduct"), Brodheim, 584 F.3d at 1271, quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); or whether Defendants' actions departed from institutional mail policy and practice and if so how. Plaintiff's allegations that Defendants subjected him to "reprimands, discipline, harassment, indirect threats [and] censure, because of Plaintiff's amended complaint filed against Defendants" are too conclusory to state a retaliation claim under § 1983. Compl. at 5.

Plaintiff has satisfied the first element of a retaliation claim, because interfering with his mail qualifies as an adverse action. Rhodes, 408 F.3d at 568. Plaintiff has also satisfied the third element by alleging that he participated in protected conduct when he filed lawsuits against Defendants. However, Plaintiff fails to satisfy the second element of his retaliation claim, that the adverse actions were taken *because* of his protected conduct.

Plaintiff's allegations that he filed lawsuits against Defendants before they interfered with his mail are not sufficient to demonstrate that Plaintiff was retaliated against *because* of

his lawsuits or grievances. "Retaliation is not proven by simply showing that a defendant . . . took adverse action after he knew that the plaintiff prisoner had engaged in constitutionally protected activity." Herrick v. Quigley, No. 315CV05016RBLKLS, 2016 WL 7324288, at *9 (W.D. Wash. Nov. 2, 2016), report and recommendation adopted, No. 315CV05016RBLKLS, 2016 WL 7243784 (W.D. Wash. Dec. 15, 2016) (quoting Estrada v. Gomez, 1998 WL 514068, at *3 (N.D. Cal. Aug. 13, 1998). Rather, "[o]ne must look at the overall circumstances of the alleged retaliation, and not simply at the order of events." Id. "A 'plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially show that the protected conduct was a "substantial" or "motivating" factor in the defendant's decision.'" Berman v. Sink, No. CV F 13-0597 LJO SAB, 2013 WL 2360899 at *7 (E.D. Cal. May 29, 2013) (quoting Soranno's Gasco, Inc., 874 F.2d at 1314; CarePartners, LLC v. Lashway, 545 F.3d 867, 877 (9th Cir. 2008), cert. denied, 129 S.Ct. 2383 (2009). Thus, "timing alone cannot establish retaliation." Estrada, 1998 WL 514068, at *3 (noting the Ninth Circuit has found that "[c]ircumstances suggestive of retaliation include comments indicating vindictiveness and lack of alternative purpose.") (citing cases).

Accordingly, Plaintiff fails to state a claim for retaliation against any of the Defendants.

### F. Relief Requested

In addition to money damages, Plaintiff seeks declaratory and injunctive relief, attorney's fees, and costs of suit. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> "The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1)(A).

Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights.

Plaintiff's request for declaratory relief should be denied because it is subsumed by

Plaintiff's damages claim. See Rhodes, 408 F.3d at 565-66 n.8 (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); see also Fitzpatrick v. Gates, No. CV 00-4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff

///

seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]")

With regard to attorney's fees, "[i]n any action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees . . . ." 42 U.S.C. § 1988(b). Plaintiff's contention that he is entitled to attorney's fees if he prevails is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as stated in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005); Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles, 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a pro se attorney-plaintiff.")

## VI. CONCLUSION

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claim against any of the Defendants in the Complaint. Therefore, the court shall dismiss the Complaint, with leave to file a First Amended Complaint curing the deficiencies in his claims found by the court.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." The court will provide Plaintiff with time to file a First Amended Complaint curing the deficiencies identified above. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff should not make legal arguments or cite case law in the amended complaint. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on September 25, 2017.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-01273-GSA-PC;

5. Plaintiff's request for appointment of counsel is DENIED, without prejudice; and

6. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **July 18, 2018**  **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE