UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>    Plaintiff,<br><br>vs.<br><br>BRENNA REGO, et al.,<br><br>    Defendants. | 1:17-cv-01273-GSA-PC<br><br>**ORDER FOR PLAINTIFF TO NOTIFY THE COURT WHETHER HE WISHES TO VOLUNTARILY DISMISS THIS CASE WITHOUT PREJUDICE**<br><br>**30-DAY DEADLINE** |

**I.    BACKGROUND**

    Michael B. Williams ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 25, 2017. (ECF No. 1.) The court screened the Complaint under 28 U.S.C. § 1915A and issued an order on July 18, 2018, dismissing the Complaint for failure to state a claim, with leave to file an amended complaint within thirty days. (ECF No. 9.)

1

On July 30, 2018, Plaintiff filed a request to voluntarily dismiss this case, without prejudice and without giving up his appeal rights. (ECF No. 10.)

## II. RULE 41

Plaintiff has a right to voluntarily dismiss this case under Rule 41 of the Federal Rules of Civil Procedure. In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. <u>Id.</u> The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. <u>Concha</u>, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. <u>Id.</u>

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997). Here, no defendant has filed an answer or motion for summary judgment in this case. Therefore, Plaintiff has an absolute right to voluntarily dismiss this case under Rule 41 by filing a notice of dismissal.

Plaintiff seeks to voluntarily dismiss this case, without prejudice, and without giving up his appeal rights. Plaintiff is advised that in most cases, if a plaintiff voluntarily dismisses his case without prejudice, he gives up his appeal rights as explained in the paragraphs that follow. For this reason, Plaintiff shall be required to notify the court within 30 days whether he wishes to voluntarily dismiss this case without prejudice.

### **Voluntary Dismissal Without Prejudice**

"A voluntary dismissal without prejudice is not averse to the plaintiff's interests." <u>Concha v. London</u>, 62 F.3d 1493, 1507 (9th Cir. 1995). "The plaintiff is free to seek an adjudication of the same issue at another time in the same or another forum." <u>Id.</u> However, "[a] voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the

plaintiff may appeal." Storman v. Office of Sec'y, United States, DHHS, 727 F. App'x 454, 455 (9th Cir. 2018) (quoting Concha, 62 F.3d at 1506). In fact, the court of appeals "lacks jurisdiction to review the dismissal if an action is voluntarily dismissed *without prejudice*." Id. (emphasis added); WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc) (issue of jurisdiction must be raised *sua sponte*).

Therefore, if Plaintiff voluntarily dismisses this case *without prejudice*, he will lose his right to appeal the dismissal.

**Voluntary Dismissal With Prejudice**

On the other hand, "[a] voluntary dismissal *with prejudice* permits the appellate court to review the action of the district court that the plaintiff believes to be determinative of his claim—the action that caused him to dismiss his case." Concha, 62 F.3d at 1507 (emphasis added). "If the plaintiff prevails on appeal, and the determinative district court ruling is reversed, then his claim is remanded to the district court for further proceedings." Id. "However, if the plaintiff is unsuccessful in challenging the district court's action, then the dismissal operates as an adjudication on the merits and the litigation is terminated." Id. "Thus, a plaintiff who voluntarily dismisses his action *with prejudice*, and thereby secures review of an order that would not ordinarily be reviewable until after a trial on the merits, runs a serious risk of losing his claim entirely." Id. at 1507-08. "Should the appellate court reject his appeal, the dismissal of his action with prejudice stands." Id. at 1508. "The plaintiff is precluded from bringing another action for the same cause, thus forfeiting any possibility of ever obtaining a favorable determination on the merits." Id.

**III. CONCLUSION AND ORDER**

The court finds that Plaintiff has an absolute right to voluntarily dismiss this case under Rule 41 by filing a notice of dismissal. However, if Plaintiff voluntarily dismisses this case *without prejudice*, he shall lose his right to appeal the dismissal. Plaintiff is therefore required to notify the court, in writing, within 30 days whether he wishes to voluntarily dismiss this case *without prejudice*, losing his right to appeal the dismissal.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Within 30 days of the date of service of this order, Plaintiff is required to notify the court in writing whether he wishes to voluntarily dismiss this case *without prejudice* and lose his right to appeal the judgment; and

2. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed for failure to comply with the court's order.

IT IS SO ORDERED.

Dated: **July 31, 2018**          **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE